Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JAIME FERRER VÉLEZ<br><br>Peticionario<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO COLINAS DEL SOL Y OTROS<br><br>Recurrida | TA2026CE00169 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2024CV03681<br><br>Sobre:<br>Caída |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece Jaime Ferrer Vélez (en adelante, peticionario) mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Resolución* emitida el 2 de febrero de 2026, y notificada el 4 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[1] Mediante la *Resolución* recurrida, el foro primario declaró *Ha Lugar* cierta solicitud de la parte recurrida del título para incluir como parte de su prueba documental un documento.

El caso del título inició cuando, el 20 de junio de 2024, el peticionario presentó una *Demanda* sobre daños y perjuicios en contra del Consejo de Titulares del Condominio Colinas del Sol y otras partes desconocidas (en adelante, parte recurrida).[2]

Tras varias instancias procesales innecesarias de pormenorizar, las que incluyeron, pero no se limitaron a la presentación del informe de conferencia preliminar entre abogados, y la posterior celebración de la conferencia con antelación a juicio,

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 59.
[2] SUMAC TPI, a la Entrada Núm. 1.

la parte recurrida presentó una *Moción sobre enmienda parcial a informe de conferencia preliminar entre abogados*.[3] En esta expuso que, por error, no incluyó como parte de la prueba documental un documento identificado como foto de chat en la plataforma WhatsApp del peticionario con Yahaira Moreno del 26 de agosto de 2021, el cual había sido incluido como parte de su prueba documental. A tenor, peticionó que se le permitiera la inclusión de la foto.

En reacción, el 23 de enero de 2026, el peticionario presentó oposición a la anterior solicitud.[4] En síntesis, arguyó que la negligencia de la parte apelada no amerita modificar una orden que regía el curso del pleito. Asimismo, planteó que permitir corregir ese error procesal equivalía a conceder una segunda oportunidad estratégica en perjuicio de esta parte. Así, pues, solicitó al foro primario que denegara el petitorio de la parte recurrida.

Evaluados los antes mencionados escritos, así como una réplica presentada por la parte recurrida,[5] mediante *Resolución* emitida el 2 de febrero de 2026, notificada el 4 del mismo mes y año, el foro *a quo* autorizó la inclusión del referido documento como parte de la prueba documental.[6] Insatisfecho con lo actuado por el foro de instancia, el 10 de febrero de 2026, el peticionario interpuso una solicitud de reconsideración,[7] la cual fue denegada mediante *Resolución* emitida y notificada el 11 de febrero de 2026.[8]

En desacuerdo, el 13 de febrero de 2026, el peticionario presentó un recurso de *certiorari*. En la misma fecha, interpuso una solicitud en auxilio de jurisdicción. Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la

---

[3] SUMAC TPI, a la Entrada Núm. 51.
[4] *Íd.*, a la Entrada Núm. 57.
[5] *Íd.*, a la Entrada Núm. 58.
[6] *Íd.,* a la Entrada Núm. 59.
[7] *Íd.,* a la Entrada Núm. 60.
[8] *Íd.,* a la Entrada Núm. 62.

facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[9] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

Luego de haber evaluado el expediente en su totalidad, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco, que la determinación sea manifiestamente errónea. Más aún, puntualizamos que "el funcionamiento efectivo de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales".[10] Es nuestra apreciación que no existen elementos que justifiquen nuestra intervención con el manejo del caso según determinado por el foro primario en este caso.

Es por todo lo anterior, que no procede nuestra intervención en esta etapa de los procedimientos. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil,[11] y la Regla 40 del Reglamento de este Tribunal,[12] acordamos *denegar* la expedición del auto de *Certiorari*.

Por los fundamentos que anteceden, se declara *No Ha Lugar* la solicitud de auxilio de jurisdicción y se *deniega* la expedición del auto de *Certiorari*. Se devuelve el caso al foro primario para la continuación de los procedimientos sin la necesidad de que se haya recibido el mandato.[13]

---

[9] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[10] *BPPR v. SLG Gómez-López*, 213 DPR 314, 333-334 (2023).
[11] 32 LPRA Ap. V, R. 52.1.
[12] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[13] Al amparo de la Regla 35 (A) (1) de nuestro Reglamento la primera instancia judicial puede proceder de conformidad con lo aquí resulto, sin que tenga que

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

esperar por nuestro mandato. *In re Aprob. Enmdas. Reglamento TA,* supra, a la pág. 55.